J. JONES, Justice,
specially concurring.
I concur in the Court’s Opinion but wish to briefly comment about the advisability of trying to work things out in a common sense fashion, before resorting to litigation. At the time Mr. Miekelsen experienced the steering problem with the truck, he was 13 months into the lease and had driven the vehicle 26,522 miles. He knew that the lift Mt and tires were not manufactured by Ford Motor Company. Many people would have been aware of a potential warranty problem under those circumstances and a careful reading of the factory warranty would have confirmed the coverage problem. Discovery Ford advised him that the repair, which it attributed, rightly or wrongly, to the non-Ford parts, was not a covered “repair,” not that the factory warranty was voided. The cost of the repair was $1,264.65, which he could have paid and then disputed with Discovery Ford and Ford Motor Company.[3] Broadway Ford advised Mr. Miekelsen that it would try to resolve the issue, if he would drive or ship the truck back to Idaho Falls, but he declined to do so. It would seem that from the standpoint of practicality, either alternative would have been substantially more productive than ceasing to make lease payments, allowing the truck to be repossessed by the bank, and having to deal with the issues of a default. The resort to litigation to seek vindication has been, to say the least, rather counterproductive. In a situation like this, a first resort would best be made to common sense, rather than to lengthy and costly litigation.

. Discovery Ford acquired the truck from the bank after repossession and sold it to another customer. When that customer brought it in for steering problems, the same repair was covered under the factory warranty. It is not clear from the record why Discovery Ford submitted the warranty claim to Ford Motor Company for its own customer or whether Ford Motor Company was advised by Discovery Ford of its denial of coverage for Mr. Mickelsen’s claim. It seems that Discovery Ford has some explaining to do but that is beyond the scope of this case.